# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WEBVENTION LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ABERCROMBIE & FITCH, CO.; | § | |
| BED BATH & BEYOND, INC.; | § | |
| BROWN SHOE CO., INC.; | § | |
| CHURCH & DWIGHT COMPANY, INC.; | § | |
| CONOCOPHILLIPS; | § | **JURY TRIAL DEMANDED** |
| DELL, INC.; | § | |
| DONALDSON COMPANY, INC.; | § | |
| E*TRADE FINANCIAL CORPORATION; | § | |
| GAMESTOP, CORP.; | § | |
| HTC AMERICA, INC.; | § | |
| IASIS HEALTHCARE, LLC; | § | |
| INSIGHT ENTERPRISES; | § | |
| NEIMAN MARCUS, INC.; | § | |
| PIONEER NATURAL RESOURCES; | § | |
| TENNECO, INC.; | § | |
| THE FINISH LINE, INC.; | § | |
| TRAVELCENTERS OF AMERICA, LLC; | § | |
| UNITED PARCEL SERVICE, INC.; | § | |
| VISA, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff WEBVENTION LLC files this Original Complaint against the above-named Defendants, alleging as follows:

### I.     THE PARTIES

1.     Plaintiff WEBVENTION LLC ("Webvention") is a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670.

2. Defendant ABERCROMBIE & FITCH CO. ("Abercrombie") is a Delaware corporation with is principal place of business in New Albany, Ohio. This Defendant may be serve with process through its registered agent, CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio, 44114.

3. Defendant BED BATH & BEYOND, INC. ("Bed Bath & Beyond") is a New York corporation with is principal place of business in Union, New Jersey. This Defendant may be serve with process through its registered agent, Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant BROWN SHOE COMPANY, INC. ("Brown Shoe Co.") is a Missouri corporation with is principal place of business in St. Louis, Missouri. This Defendant may be serve with process at its principal place of business, 8300 Maryland Avenue, St. Louis, Missouri, 63105.

5. Defendant CHURCH AND DWIGHT COMPANY INC. ("Church & Dwight") is a Delaware corporation with is principal place of business in Princeton, New Jersey. This Defendant may be serve with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

6. Defendant CONOCOPHILLIPS ("ConocoPhillips") is a Delaware corporation with its principal place of business in Houston, Texas. This Defendant may be served with process through its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas, 77002.

7. Defendant DELL, INC. ("Dell") is a Delaware corporation with its principal place of business in Round Rock, Texas. This Defendant may be serve with process through its registered agent, Corporation Service Co., 701 Brazos Street, Suite 1050, Austin, Texas, 78701.

8. Defendant DONALDSON COMPANY, INC. ("Donaldson") is a Delaware corporation with is principal place of business in Minneapolis, Minnesota. This Defendant may be serve with process through its registered agent, CT Corporation System, 100 South Fifth Street, Number 1075, Minneapolis, Minnesota, 55402.

9. Defendant E*TRADE FINANCIAL CORPORATION ("E*Trade") is a Delaware corporation with is principal place of business in New York City, New York. This Defendant may be serve with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

10. Defendant GAMESTOP CORP. ("GameStop") is a Delaware corporation with its principal place of business in Grapevine, Texas. This Defendant may be serve with process through its registered agent, CT Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas, 75201.

11. Defendant HTC AMERICA, INC. ("HTC") is a Washington corporation with its principal place of business at 13920 SE Eastgate Way, Suite 400 Bellevue, Washington 98005. This Defendant may be serve with process through its registered agent, National Registered Agents, Inc., 1780 Barnes Boulevard SW, Building G, Tumwater, Washington, 98512.

12. Defendant IASIS HEALTHCARE, LLC ("Iasis") is a Delaware corporation with is principal place of business in Franklin, Tennessee. This Defendant may be serve with process through its registered agent, CT Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas, 75201.

13. Defendant INSIGHT ENTERPRISES, INC. ("InSight") is an Arizona corporation with is principal place of business in Tempe, Arizona. This Defendant may be serve with

3

process through its registered agent, National Registered Agents, Inc., 638 North Fifth Street, Phoenix, Arizona, 85003.

14.     Defendant NEIMAN MARCUS, INC. ("Neiman") is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be serve with process through its registered agent, CT Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas, 75201.

15.     Defendant PIONEER NATURAL RESOURCES ("Pioneer") is a Delaware corporation with its principal place of business in Irving, Texas.  This Defendant may be serve with process through its registered agent, CT Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas, 75201.

16.     Defendant TENNECO, INC. ("Tenneco") is a Delaware corporation with is principal place of business in Lake Forest, Illinois.  This Defendant may be serve with process through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

17.     Defendant THE FINISH LINE, INC. ("Finish Line") is a Delaware corporation with is principal place of business in Indianapolis, Indiana.  This Defendant may be serve with process through its registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas, 78028.

18.     Defendant TRAVELCENTERS OF AMERICA, LLC ("TravelCenters") is a Delaware corporation with is principal place of business in Westlake, Ohio.  This Defendant may be serve with process through its registered agent, Corporation Service Company, 50 West Broad Street, Suite 1800, Columbus, Ohio, 43215.

19.     Defendant UNITED PARCEL SERVICE, INC. ("UPS") is a Delaware corporation with its principal place of business in Atlanta, Georgia. This Defendant may be serve with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701.

20.     Defendant VISA, INC. ("Visa") is a Delaware corporation with its principal place of business in Foster City, California. This Defendant may be serve with process through its registered agent, CT Corporation System, 818 West Seventh Street, Los Angeles, California, 90017.

## II.    JURISDICTION AND VENUE

21.     This is an action for infringement of a United State Patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

22.     The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Each Defendant has substantial contacts with the forum as a result of conducting substantial business within the State of Texas and within this District. Upon information and belief, each Defendant regularly solicits business in the State of Texas and in this District, and derives substantial revenue from products and/or services provided to individuals residing in the State of Texas and in this District. In addition, each Defendant conducts business utilizing the claimed systems and methods with and for customers residing in this District. Specifically, each Defendant provides and/or markets its products and services directly to consumers in this District through its website(s) (e.g. www.conocophillips.com). Through its website(s), each Defendant has committed and continues to commit acts of patent infringement in the State of Texas and in this District.

### III.     PATENT INFRINGEMENT

23.     On October 5, 1993, United State Patent No. 5,251,294 ("the '294 patent") was duly and legally issued for "Accessing, Assembling, and Using Bodies of Information." A true and correct copy of the '294 patent is attached hereto as Exhibit "A." Webvention is the owner by assignment of all rights, title and interest in and to the '294 patent and possesses all rights of recovery there under.

24.     Defendant Abercrombie has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.abercrombie.com, that practice or embody the patented invention.

25.     Defendant Bed Bath & Beyond has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.bedbathandbeyond.com, that practice or embody the patented invention.

26.     Defendant Brown Shoe Co. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.shoes.com, that practice or embody the patented invention.

27.     Defendant Church & Dwight has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.ahspecialty.com, that practice or embody the patented invention.

28.     Defendant ConocoPhillips has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the

patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.conocophillips.com, that practice or embody the patented invention.

29. Defendant Dell has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.dell.com, that practice or embody the patented invention.

30. Defendant Donaldson, has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.donaldson.com, that practice or embody the patented invention.

31. Defendant E*Trade has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.us.etrade.com, that practice or embody the patented invention.

32. Defendant GameStop has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.gamestop.com, that practice or embody the patented invention.

33. Defendant HTC has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.htc.com, that practice or embody the patented invention.

34.     Defendant Iasis has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.iasishealthcare.com, that practice or embody the patented invention.

35.     Defendant Insight has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.insight.com, that practice or embody the patented invention.

36.     Defendant Neiman has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.horchow.com, that practice or embody the patented invention.

37.     Defendant Pioneer has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.pxd.com, that practice or embody the patented invention.

38.     Defendant Tenneco has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.monroe.com, that practice or embody the patented invention.

39.     Defendant Finish Line has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the

patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.finishline.com, that practice or embody the patented invention.

40. Defendant TravelCenters has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.tatravelcenters.com, that practice or embody the patented invention.

41. Defendant UPS has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.ups.com, that practice or embody the patented invention.

42. Defendant Visa has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.corporate.visa.com, that practice or embody the patented invention.

43. Webvention has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Webvention in an amount that adequately compensates Webvention for Defendants infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

44. Defendants' infringement of Webvention's rights under the patent-in-suit will continue to damage Webvention, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### IV.  JURY DEMAND

Webvention hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

Webvention requests that the Court find in its favor and against Defendants, and that the Court grant Webvention the following relief:

a.  Judgment that one or more claims of United States Patent No. 5,251,294 has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.  Judgment that Defendants account for and pay to Webvention all damages to and costs incurred by Webvention because of Defendants' infringing activities and other conduct complained of herein;

c.  That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.  A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement;

e.  That Webvention be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.  That this Court declare this an exceptional case and award Webvention its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g.  That Webvention be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 20, 2010

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. "Bo" Davis III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
111 West Tyler Street
Longview, Texas 75601
Phone: 903-230-9090
Fax: 903-230-9661
Email: bdavis@bdavisfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas State Bar No. 24051753
aab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

**ATTORNEYS FOR PLAINTIFF WEBVENTION LLC**