# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WEBVENTION LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 10-cv-00253 (TJW) |
| v. | § | |
| | § | Judge: T. John Ward |
| ABERCROMBIE & FITCH, CO.; | § | |
| BED BATH & BEYOND, INC.; | § | |
| BROWN SHOE CO., INC.; | § | JURY TRIAL DEMANDED |
| CHURCH & DWIGHT COMPANY, INC.; | § | |
| CONOCOPHILLIPS; DELL, INC.; | § | |
| DONALDSON COMPANY, INC.; | § | |
| E*TRADE FINANCIAL CORPORATION; | § | |
| GAMESTOP, CORP.; HTC AMERICA, INC.; | § | |
| IASIS HEALTHCARE, LLC; | § | |
| INSIGHT ENTERPRISES; | § | |
| NEIMAN MARCUS, INC.; | § | |
| PIONEER NATURAL RESOURCES; | § | |
| TENNECO, INC.; THE FINISH LINE, INC.; | § | |
| TRAVELCENTERS OF AMERICA, LLC; | § | |
| UNITED PARCEL SERVICE, INC.; VISA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT UNITED PARCEL SERVICE'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant United Parcel Service, Inc. ("UPS") hereby sets forth its Answer, Defenses, and Counterclaims to Plaintiff Webvention LLC ("Webvention" or "Plaintiff")'s Original Complaint For Patent Infringement.

## ANSWER OF DEFENDANT UPS

Responding to the enumerated paragraphs of Webvention's Original Complaint, UPS states as follows:

## THE PARTIES

1.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 1, and on that basis denies them.

2.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 2, and on that basis denies them.

3.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 3, and on that basis denies them.

4.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 4, and on that basis denies them.

5.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 5, and on that basis denies them.

6.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 6, and on that basis denies them.

7.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 7, and on that basis denies them.

8.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 8, and on that basis denies them.

9.      UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 9, and on that basis denies them.

10.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 10, and on that basis denies them.

11.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 11, and on that basis denies them.

12.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 12, and on that basis denies them.

13.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 13, and on that basis denies them.

14.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 14, and on that basis denies them.

15.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 15, and on that basis denies them.

16.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 16, and on that basis denies them.

17.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 17, and on that basis denies them.

18.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 18, and on that basis denies them.

19.     UPS admits the averments of Paragraph 19.

20.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 20, and on that basis denies them.

## JURISDICTION AND VENUE

21.     UPS admits that Paragraph 21 purports to set forth an action for patent infringement arising under the Patent Laws of the United States, but UPS denies that Plaintiff has any viable claim thereunder.  UPS admits that this Court has jurisdiction over the subject matter of Webvention's Original Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations.  Except as explicitly admitted, UPS denies the averments of Paragraph 21.

22.     UPS admits that venue is proper in this District as to UPS, but denies the legal sufficiency of Plaintiff's claims and allegations.  UPS is without knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 22, and on that basis denies them.

## PATENT INFRINGEMENT

23.     UPS admits that attached to Webvention's Original Complaint is a copy of U.S. Patent No. 5,251,294 ("the '294 Patent"), titled "Accessing, Assembling, and Using Bodies of Information."  Except as explicitly admitted, UPS denies the averments in Paragraph 23.

24.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 24, and on that basis denies them.

25.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 25, and on that basis denies them.

26.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 26, and on that basis denies them.

27.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 27, and on that basis denies them.

28.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 28, and on that basis denies them.

29.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 29, and on that basis denies them.

30.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 30, and on that basis denies them.

31.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 31, and on that basis denies them.

32.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 32, and on that basis denies them.

33.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 33, and on that basis denies them.

34.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 34, and on that basis denies them.

35.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 35, and on that basis denies them.

36.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 36, and on that basis denies them.

37.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 37, and on that basis denies them.

38.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 38, and on that basis denies them.

39.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 39, and on that basis denies them.

40.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 40, and on that basis denies them.

41.     UPS denies the averments of Paragraph 41.

42.     UPS is without knowledge or information to form a belief as to the truth of the averments of Paragraph 42, and on that basis denies them.

43.     UPS denies that it has damaged Webvention.  UPS denies that Webvention is entitled to receive any reasonable royalty, interest, or costs from UPS.  UPS is without knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 43, and on that basis denies them.

44.     UPS denies that it has damaged Webvention.  UPS denies that Webvention is entitled to any order enjoining UPS.  UPS is without knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 44, and on that basis denies them.

## GENERAL DENIAL

Except as explicitly admitted herein, UPS denies each and every allegation contained in Webvention's Original Complaint.

## JURY DEMAND

UPS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEFE

UPS denies that it infringes any valid and enforceable claim of the '294 Patent. Therefore, UPS denies that Webvention is entitled to any of the declarations, injunctions, damages, fees, costs, or other relief prayed for in Webvention's Original Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, UPS asserts the following defenses to Webvention's Original Complaint:

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

1.     Webvention's Original Complaint fails to state a claim upon which relief can be granted against UPS.

## SECOND DEFENSE
## (NONINFRINGEMENT)

2.     UPS does not and has not infringed any valid claim of the '294 Patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

## THIRD DEFENSE
## (INVALIDITY)

3.     Each of the claims of the '294 Patent is invalid for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

## FOURTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

4.     Webvention is estopped by reason of prosecution history estoppel from asserting infringement of the '294 Patent under the doctrine of equivalents.

## FIFTH DEFENSE
## (LACHES OR PROSECUTION LACHES)

5.     Webvention's claims are barred in whole or in part by the doctrine of laches or the doctrine of prosecution latches.

## SIXTH DEFENSE
## (WAIVER)

6.      Webvention's claims are barred in whole or in part by waiver.

## SEVENTH DEFENSE
## (ESTOPPEL)

7.      Webvention's claims are barred in whole or in part by estoppel.

## EIGHTH DEFENSE
## (ADEQUATE REMEDY AT LAW)

8.      Webvention is not entitled to injunctive relief because any alleged injury to

Webvention is not immediate or irreparable, and Webvention has an adequate remedy at law.

## NINTH DEFENSE
## (UNCLEAN HANDS)

9.      Webvention's claims are barred in whole or in part by the doctrine of unclean

hands.

## TENTH DEFENSE
## (LIMITATIONS ON DAMAGES)

10.      Webvention's claim for damages, if any, against UPS is statutorily limited by 35

U.S.C. § 287.

## ELEVENTH DEFENSE
## (COSTS BARRED)

11.      Webvention is barred from recovering costs in connection with this action under

35 U.S.C. § 288.

## TWELFTH DEFENSE
## (LACK OF STANDING)

12.      Webvention does not have standing to bring an action for infringement of the

'294 Patent under the Patent Laws of the United States.

## THIRTEENTH DEFENSE
## (NO EXCEPTIONAL CASE)

13.     Webvention cannot prove that this is an exceptional case justifying award of

attorney fees against UPS pursuant to 35 U.S.C. § 285

14.     UPS reserves any and all rights to amend its Answer and Defenses to

Webvention's Original Complaint and to add additional defenses as they become apparent.

## COUNTERCLAIMS OF UPS

Defendant/Counterclaim Plaintiff United Parcel Service, Inc. states as follows:

## NATURE OF ACTION

15.     This is a Declaratory Judgment action for a declaration of non-infringement and

invalidity of the '294 Patent.

16.     UPS is a corporation organized under, and existing by virtue of, the laws of the

state of Delaware, with its principal place of business located at 55 Glenlake Parkway NE,

Atlanta, GA 30328.

17.     Webvention has alleged that it is a Texas limited liability company, having a

place of business in within the Eastern District of Texas.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 as

an action arising under the Patent Laws, Title 35 of the United States Code, and also under 28

U.S.C. §§ 2201 and 2202 as a declaratory judgment action.

19.     By filing its Original Complaint, Webvention has consented to the personal

jurisdiction of this Court.

20.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400.

## COUNTERCLAIM I:
## (DECLARATION OF NONINFRINGEMENT)

21.     UPS hereby re-alleges and incorporates by reference paragraphs 15 through 20 above as though fully set forth herein.

22.     Webvention has alleged the '294 Patent was issued by the United States Patent and Trademark Office on October 5, 1995.

23.     Webvention claims to own by assignment the '294 Patent.

24.     Webvention has asserted that UPS infringes the '294 Patents.  Thus, an actual, substantial controversy exists between UPS and Webvention concerning UPS's non-infringement of the '294 Patents.

25.     UPS has not infringed any valid claim of the '294 Patents literally, directly, contributorily, by way of inducement, or under the doctrine of equivalents.

26.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., UPS is entitled to a declaration that the '294 Patents is not, and has not been, infringed by UPS.

27.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving Webvention's claims of infringement.

## COUNTERCLAIM II:
## (DECLARATION OF INVALIDITY)

28.     UPS hereby re-alleges and incorporates by reference paragraphs 15 through 27 above as though fully set forth herein.

29.     One or more claims of the '294 Patent are invalid or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112.

30.     Webvention has asserted the '294 Patent is valid and infringed by UPS.  Thus, an actual, substantial controversy exists between UPS and Webvention concerning the invalidity of the '294 Patents.

31.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., UPS is entitled to a declaration that the '294 Patent is invalid.

32.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving Webvention's claims of infringement.

## RESERVATION OF RIGHTS

UPS reserves any and all rights to amend its Counterclaims to Webvention's Original Complaint and to add additional claims as they become apparent.

## EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, UPS is entitled to recovery from Webvention of UPS's attorney's fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

UPS denies that Webvention is entitled to any of the relief requested in Webvention's Prayer for Relief.  UPS further respectfully requests a judgment against Webvention as follows:

(i)     that UPS has not directly infringed the '294 Patent, nor contributed or induced the infringement of others;

(ii)    Webvention takes nothing as against UPS by its Original Complaint in this action;

(iii)   that the Court enter judgment against Webvention and in favor of UPS, and that Webvention's Original Complaint in this action be dismissed with prejudice;

(iv)    that Webvention be denied its attorneys' fees;

(v)     that Webvention be denied its costs;

(vi)    that UPS be granted its attorneys' fees and costs; and

(vii)   that the Court award UPS any and all other relief to which it may be entitled, or

which the Court deems just and proper.


Dated this 30th day of August, 2010.                    Respectfully submitted,

                                        _/s/____Kamran Jivani_____
                                        Michael J. Newton (Tx Bar No. 24003844)
                                        *mike.newton@alston.com*
                                        **ALSTON & BIRD LLP**
                                        Chase Tower
                                        2200 Ross Avenue, Suite 3601
                                        Dallas, TX 75201
                                        Tel:  214.922.3407
                                        Fax:  214.922.3899

                                        Robert L. Lee (Ga. Bar No. 443978)
                                        *bob.lee@alston.com*
                                        Kamran Jivani (Ga. Bar No. 510908)
                                        *kamran.jivani@alston.com*
                                        Shailika K. Shah (Ga. Bar No. 590470)
                                        *shailika.shah@alston.com*
                                        **ALSTON & BIRD LLP**
                                        1201 West Peachtree St.
                                        Atlanta, GA 30309
                                        (404) 881-7000 – Phone
                                        (404) 881-7777 – Fax

                                        **ATTORNEYS FOR DEFENDANT
                                        UNITED PARCEL SERVICE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT UNITES PARCEL SERVICE'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT** has been forwarded via CM/ECF to all counsel of record on this the 30th day of August, 2010.

*/s/     Kamran Jivani*
Kamran Jivani
