# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WEBVENTION LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10-cv-00253-TJW-CE |
| ) | |
| v. ) | |
| ) | |
| ABERCROMBIE & FITCH CO. ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ABERCROMBIE & FITCH CO.'S
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR,
### IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant Abercrombie & Fitch Co. ("Abercrombie"), hereby moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint (Doc. 1) of Plaintiff, Webvention LLC ("Webvention"), on the grounds that plaintiff's claims alleging direct and indirect infringement fail to state a claim for which relief may be granted.

### BACKGROUND AND SUMMARY
### OF ARGUMENT

On July 20, 2010, Webvention filed this patent infringement suit. It claims that Abercrombie and 18 other defendants are infringing at least one of the 78 claims of United States Letters Patent No. 5,251,294 (the "294 Patent"), entitled "Accessing, Assembling, and Using Bodies of Information." Although all of the defendants operate different types of businesses and customers interact with the businesses' websites in very different ways, Webvention has asserted the same claim, using the exact same language, against each defendant. All of these claims are insufficient to meet the notice pleading standards called for in Rule 8 of the Federal Rules of Civil Procedure.

The claim against Abercrombie for direct and indirect infringement, in its entirety, is as follows:

> Defendant Abercrombie has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.abercrombie.com, that practice or embody the patented invention.

Complaint at ¶ 24.  This claim is not sufficient to meet the basic pleading standards required by this Court and the Federal Rules of Civil Procedure.  For the following reasons, as developed in greater detail, *infra*, this Court should dismiss Webvention's claims for direct and indirect infringement:

1. Webvention's claim of direct infringement fails to sufficiently identify the allegedly infringing method, system or apparatus, merely accusing the website www.abercrombie.com of infringement, without specifying what aspects of that site may be alleged to infringe and how.  This pleading fails under the standards of Rule 8 and Form 18 of the Federal Rules of Civil Procedure in view of recent Supreme Court precedent, and this Court has, in reliance on that precedent, dismissed similarly deficient claims.

2. Webvention's claim of indirect infringement fails for the additional reason that it fails to particularly identify any direct infringement to which Abercrombie's alleged indirect infringement relates, and to plead the intent required to prove contributory infringement or inducement to infringe.  This claim therefore fails under recent precedent of the United States Court of Appeals for the Federal Circuit as applied in other cases by this Court.

3. In the alternative, in the event that the Court does not dismiss Webvention's claims against Abercrombie, the Court should order Webvention to amend its complaint to provide a more definite statement of its claims.

## ARGUMENT

### A. Standard of Review

A court will grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, where a party has failed to state a claim upon which relief may be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides the minimum standards for a claim, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Thus, the bar for a sufficient pleading is not high and does not require detailed factual allegations. However, a "plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief." *Realtime Data, LLC v. Stanley*, 2010 WL 2403779 at *3 (E.D. Tex. 2010) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). It is insufficient for a plaintiff simply to enumerate unsupported legal conclusions or state a "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1965. Determining whether a complaint meets the standards for plausibility "is content-specific, requiring the reviewing court to draw on its experiences and common sense." *Iqbal*, 129 S.Ct. at 1940.

### B. Webvention's Claim of Direct Infringement Should Be Dismissed Because It Fails To Identify The Allegedly Infringing System Or Method

Webvention's claim for direct infringement does not properly identify any system or method that Abercrombie has allegedly infringed, failing to meet the minimum standard required by Rule 8 of the Federal Rules of Civil Procedure and the suggested form of pleading, Form 18 from the Federal Rules of Civil Procedure. *See Realtime Data,* 2010 WL 2403779 at *5 (concluding that plaintiff did not meet standards of Form 18 and dismissing claim for direct

infringement). In its recent *Iqbal* decision, the Supreme Court clarified the minimum standards required for a pleading, explaining that the pleading must "'state a claim to relief that is plausible on its face.'" 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1974). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. Rule Civ. Proc. 8(a)(2)). In the case of patents, courts have concluded that the claim must identify a defendant's accused products, services, or methods or other infringing acts. *See Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, No. 6:09-cv-00269 (LED), slip op. at 5 (E.D. Tex. March 29, 2010) (Doc. No. 189).

The courts in this district have had numerous opportunities to apply the *Iqbal* standards in the context of patent claims. *See, e.g., Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 2026627 (E.D. Tex. 2010); *Bedrock Computer Technologies*, No. 6:09-cv-00269 (LED) (E.D. Tex. March 29, 2010); *Celltrace LLC v. Metropcs Communications, Inc.*, No. 6:09-cv-00371 (LED) (E.D. Tex. March 29, 2010) (Doc. 63); *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-00262 (LED-JDL) (E.D. Tex. March 29, 2010) (Doc. 122); *Realtime Data*, 2010 WL 2403779; *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3158888 at *2 (E.D. Tex. 2010). In *Realtime Data,* this Court granted a defendant's motion to dismiss a claim for direct infringement. 2010 WL 2403779 at *5. The court concluded that the term used to identify the alleged infringing method or system, "data compression products and/or services" was too vague. *Id.*

In contrast, this Court denied a defendant's motion to dismiss in *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, where the claim stated that the defendant was infringing its patent by:

> [M]aking, suing selling, offering to sell, and/or importing in or into the United States, without authority: (i)webpages and content to be interactively presented in browsers, including, without limitation the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JP Morgan Chase; (ii) software, including, without limitations software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment that stores, serves, and/or runs any of the foregoing.

2010 WL 2026627 at *1.

Applying the case law from this Court, Webvention's claim should be dismissed. Its bare-bones assertion that Abercrombie violates "claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.abercrombie.com, that practice or embody the patented invention," squarely fits into the category of cases that this Court has dismissed pursuant to 12(b)(6). In contrast to the claim in *Eolas Technologies,* which explains with greater specificity what methods the defendant had allegedly violated and, importantly, did not just merely assert that the defendant's "website" was infringing the patent-in-suit, Webvention's claim is wholly unclear. Webvention's claim could encompass a vast number of possible infringing activities. Webvention's claim vaguely asserts that some part of Abercrombie's website infringes one of the 78 claims in the '294 Patent. This unclarity in the complaint is further compounded because a website has many interactive components including software applications, servers, and computer code.

Similarly to this Court's decision in *Realtime Data* that "data compression products and/or services" was an unclear term, Webvention's use of the term "website" does not meet the required specificity of a pleading, because it does not provide Abercrombie sufficient information to determine what it must defend. Is Webvention referring to the website retrieving information from the server, or rather to how information is displayed on a web page, or even

5

how consumers make selections of clothing on the website? Any or all of these could be potential claims. It is unfair and a waste of resources to require that Abercrombie determine what certain element of its website Webvention is alleging that it has infringed. *See Cuvillier v. Taylor*, 503 F.3d 397 (5th Cir. 2007) ("'[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should. . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (quoting *Twombly*, 127 S.Ct. at 1966 (internal citations and quotation marks omitted)).

As a plaintiff, Webvention has the duty to make its claims clear. The burden is not on Abercrombie to try to decipher the proper claim. Even under the liberal pleading standards of Rule 8, Webvention's claim is insufficient.

### C. Webvention's Claim of Indirect Infringement Should Be Dismissed Because It Fails To Allege A Predicate Direct Infringer Or That Abercrombie Knowingly Induced Or Contributed To Any Alleged Direct Infringement

Webvention's claim for indirect infringement against Abercrombie should be dismissed because it omits necessary elements in its pleading and is not plausible on its face. A claim for indirect infringement should be dismissed if it fails to identify: (i) "a direct infringer in reference to [the] indirect infringement claims"; (ii) "which methods or systems indirectly infringed"; (iii) "which claims are indirectly infringed." *Clear with Computers,* 2010 WL 3158888 at *4. Plaintiffs are required in their pleadings to provide factual support for their claims; mere recitation of the cause of action is not enough. *See Iqbal*, 129 S.Ct. at 1949, (explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In its complaint, Webvention did not even set forth a separate claim for indirect infringement; rather, the claim is subsumed in the direct infringement claim. The claim is as follows:

> Defendant Abercrombie has infringed and continues to infringe, directly, <u>contributorily, and/or through the inducement of others</u>, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.abercrombie.com, that practice or embody the patented invention.

Complaint at ¶ 24 (emphasis added).

The required elements for an indirect infringement claim are not set forth in Webvention's conclusory pleading. First, the complaint fails to properly identify a direct infringement in reference to the indirect infringement. *See Novartis Pharms. Corp. v. Eon Labs Mfg. Inc.,* 363 F.3d 1306, 1308 (Fed. Cir. 2004) (stating "there can be no inducement or contributory infringement absent an underlying direct infringement"). The claim at issue here only identifies the entity that was induced as "others." In light of the patent-in-suit, this term is unsatisfactorily vague.

Second, as detailed in the section above, Webvention's claim does not sufficiently explain what method or system is used by "the others." Third, there is nothing set forth in the claim that pinpoints which claims of the '294 Patent. Webvention contends are infringed by "the others." Neither of these elements presents the requisite factual support that would permit Abercrombie to prepare a defense.

Finally, another element of indirect infringement that is conspicuously absent from Webvention's Complaint is an allegation that Abercrombie had the requisite intent. *See ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007) (describing that one of the required elements of indirect infringement is "that the alleged infringer knowingly

induced infringement and possessed specific intent to encourage another's infringement"). There are no allegations in the Complaint that even remotely support this element.

This Court has consistently dismissed claims of indirect infringement that are expressed in language similar to that used by Webvention. The indirect claim for infringement in *Realtime Data* asserted that "Defendants have been and are now directing infringing and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent]. . .including making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Realtime patent]." 2010 WL 2403779 at *3. The *Realtime Data* Court concluded that "[t]aken as a whole, Realtime's indirect infringement allegations are insufficient to state a claim for relief that is plausible in its face." *Id.*

The language used in the claims for indirect infringement in *Bedrock Computer Technologies* is very similar to the claim language in *Realtime Data*. The claim stated: "Defendants infringe the Patent-in-Suit directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or supporting products and/or services that fall within one or more claims of the [Bedrock Patent]," and further that Defendants have, "contributorily infringed and/or induce others to infringe and continue to contributorily infringe and/or to induce others to infringed the [Bedrock Patent]. . . by their manufacture, importation, sale, offering for sale, and/or use of the claimed method and apparatus of the [Bedrock Patent] without authority or license of Bedrock." No. 6:09-cv-00269 (LED), slip op. at 2 (E.D. Tex. March 29, 2010) (Doc. No. 189).

A comparison of the languages in these cases and Webvention's claim reveals a striking similarity. Just as this Court granted motions to dismiss in *Realtime Data* and *Bedrock Computer Technologies* the Court should grant a motion to dismiss in this case.

### D. At a Minimum, The Court Should Require Webvention To Provide A More Definite Statement Of Its Claims

If the Court does not dismiss Webvention's claims of direct and indirect infringement, then Abercrombie requests that the Court, at a minimum, order Webvention to prepare a more definite statement of its claims.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but is so vague or ambiguous that the party cannot reasonably prepare a response." "[I]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). It is appropriate for Plaintiffs to use 12(e) motions as a mechanism "to enforce the minimum requirements of notice pleading." *Brown v. Whitcraft*, 2008 WL 2066929 at *1 (N.D. Tex. 2008).

This is especially true in patent infringement cases. *See esoft, Inc. v. Astaro Corp.*, 2006 WL 2164424 at *2 (D. Colo. 2006) (emphasizing that "plaintiffs cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise"). In the context of patent infringement cases, "'[c]ourts have considered Rule 12(e) relief appropriate . . . where a plaintiff has failed to identify any allegedly infringing product or products.'" *Static Control Components, Inc. v. Future Graphics, LLC*, 2008 WL 160827 at *1 (M.D.N.C. 2008) (quoting *Agilent Techs., Inc. v. Micromuse, Inc*., 2004 WL 2346152, at *5-6 (S.D.N.Y. 2004)). Additionally, courts have granted a defendant's motion for a more definite statement when a complaint lacks the requisite factual support. *See, e.g., Static Control Components,* 2008 WL 160827 at *1 (finding that terms used in complaint did not create

an adequate "limiting parameter," preventing defendant from being able to prepare response to claims); *esoft,* 2006 WL 2164424 at *4 (concluding that "the complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit"); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC,* 2006 WL 3469599 at *1 (E.D. Wis. 2006) (granting plaintiff's 12(e) motion because "none of the allegedly infringing products are specifically identified").

Applying these rules to the Webvention claim, the Court should grant Abercrombie's motion. As detailed in the above sections, Webvention's claims are skeletal at best and do not provide enough information for Abercrombie to frame a proper response. Rule 11 of the Federal Rules of Civil Procedure requires that before a plaintiff files a lawsuit, it must "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). To that effect, "[t]he Court has high expectations of a plaintiff's preparedness before it brings suit." *Clear with Computers,* 2010 WL 3158888 at *4. Assuming Webvention has complied with the requirements of Rule 11 in preparing to file this suit, amending its claims to provide the required specificity should not be a difficult task.

## CONCLUSION

For the foregoing reasons, Webvention's claims fail to satisfy the minimal standards required for complaints and therefore, this Court should dismiss plaintiff's claim of indirect and direct infringement. If the Court does not dismiss the claims, it should, nevertheless, order plaintiff to provide a more definite statement.

Respectfully submitted,

*/s/ Robert T. Veon*
Robert T Veon
Veon Law Firm, PA
2710 Arkansas Blvd
Texarkana, AR 71854
870/774-7390
870/773-3690 (fax)
Robert.veon@veonfirm.com

William H. Oldach
(*pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
1909 K Street SW
Ninth Floor
Washington, D.C. 20024
202-467-8880
202-467-8900 (fax)
wholdach@vorys.com

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via ECF, in accordance with the Federal Rules of Civil Procedure, on this 29th day of September 2010.

*/s/ Robert T. Veon*
Robert. T Veon