**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WEBVENTION LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:10-CV-00253-TJW-CE |
| ) | |
| ABERCROMBIE & FITCH CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THE NEIMAN MARCUS GROUP, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

The Neiman Marcus Group, Inc. ("Neiman Marcus") respectfully moves this Court for an Order dismissing Webvention LLC's ("Webvention") Complaint on the grounds that Webvention's purported claims for direct and indirect infringement, including inducement of infringement and contributory infringement, fail to state a claim upon which relief may be granted. Alternatively, Neiman Marcus moves for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e).

If Webvention's Complaint against Neiman Marcus is not dismissed, Neiman Marcus will suffer unreasonably in the preparation of its defense. To properly respond to the Complaint, Neiman Marcus must have an adequate opportunity to investigate the allegations, identify potential witnesses with relevant information, identify potential third-party defendants, and make informed decisions regarding document preservation. By failing to identify any accused product beyond a "website," Neiman Marcus cannot adequately begin this process. Assuming that Webvention complied with its Rule 11 pre-filing obligations, there is no acceptable reason for Webvention to hide this basic information.

Furthermore, without an adequate, well-plead complaint, Webvention should not be allowed to proceed with costly discovery. The Supreme Court made it clear in *Iqbal* that a motion to dismiss "does not turn on the controls placed upon the discovery process." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). Early discovery obligations requiring patent plaintiffs to provide detailed infringement contentions cannot trump a plaintiff's obligation to properly plead its case.

## BACKGROUND

On July 20, 2010, Webvention filed this patent infringement suit against nearly 20 defendants alleging infringement of U.S. Patent No. 5,251,294 ("the '294 patent") entitled "Accessing, Assembling, and Using Bodies of Information." Despite the fact that each defendant operates its own unique business and website, Webvention has brought the exact same, factually deficient allegations in nearly identical paragraphs against each defendant. The allegations against Neiman Marcus are as follows:

> Defendant Neiman has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.horchow.com, that practice or embody the patented invention.

Complaint ¶ 36.

Webvention has not plead any facts so as to support its claims of direct and indirect infringement. Instead, Webvention has brought conclusory allegations that do not give Neiman Marcus sufficient notice of the claims against it. Specifically, with respect to its direct infringement claim, Webvention failed to specifically identify the product used or sold by Neiman Marcus that allegedly infringes the '294 patent, instead merely asserting the vague term "website." With respect to its claim for indirect infringement, Webvention's Complaint does not

identify a direct infringer with sufficiency (instead using the vague catchall "others"), does not specifically identify the allegedly infringing product, does not identify which claims of the '294 patent are asserted, and does not allege that Webvention had the necessary intent to cause the infringement.  The allegations in Webvention's Complaint are not plausible on their face and should be dismissed.

## ARGUMENT

A.   **Standard of Review**

On a motion to dismiss a patent infringement case, the law of the regional circuit applies. *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).  Dismissal of a complaint is appropriate where a party fails to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. Rule 8(a); *see also Teirstein v. AGA Medical Corp.*, No. 6:08-cv-14, 2009 WL 704138, at *2 (E.D. Tx. Mar. 16, 2009).  "The complaint must allege 'enough facts to state a claim for relief that is plausible on its face.'"  *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) ("*Twombly*").  Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level…"  *Id.*  The factual allegations presented in the complaint must be specific and not mere conclusory allegations.  *Id.*  Legal conclusions, as opposed to factual allegations, "are not entitled [to] the presumption of truth – they must be supported by factual allegations." *Garrett v. Simank*, No. A-09-CA-521-SS, 2009 WL 4640504, at *1 (W.D. Tx. Nov. 30, 2009) (*quoting Iqbal*, 129 S.Ct. at 1950 (2009)).  According to the Supreme Court, Fed. R. Civ. P. 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  In order to for a complaint to proceed past the motion to dismiss phase, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*, at *2 (*quoting Twombly*, at 550 U.S. at 555); *see also Cunningham v. Offshore Specialty Fabrications, Inc.*, 543 F.Supp.2d 614, 620 (E.D.

Tex. 2008) ("Plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). In light of this well-established case law, Webvention's Complaint should be dismissed.

Rule 11 of the Federal Rules of Civil Procedure imposes on patent plaintiffs the obligation before filing a complaint "at a bare minimum, [to] apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). The Federal Circuit has described this obligation as "extremely important." *Id.* It requires, among other things, that plaintiff conduct a proper investigation before filing suit. *See Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (failure to conduct prefiling investigation to compare products accused of infringement with claims of a patent is sanctionable).

It is therefore no excuse to argue in response to a motion to dismiss that such basic factual questions are premature or outside of a plaintiff's control. Because a patentee suing in federal court is required to have complied with Rule 11, it must have identified what it believes to be the factual bases for its claims. Consequently, "[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer *exactly* why it believed before filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g*, 208 F.3d at 986) (emphasis added). If, for example, "a plaintiff cannot describe with some specificity the product he claims infringes his patent, there is reason to question whether such a certification [of Rule 11 compliance] is true." *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No.

06-C-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006) (granting motion for more definite statement because no products were specifically identified).

Furthermore, Webvention's allegations against Neiman Marcus as set forth above are similar to the allegations in *Realtime Data LLC v. Morgan Stanley*. In *Realtime Data*, the allegations were pled as follows:

> Defendants have been and are now directing infringing and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Realtime patent].

*Realtime Data LLC v. Morgan Stanley*, No. 6:09-CV-326, slip op. at 2-3 (E.D. Tex. May 7, 2010) (Love, J. ) (Doc. No. 168) (adopted by Davis, J. on June 10, 2010). In *Realtime Data*, both Plaintiff's direct and indirect infringement claims were dismissed. Webvention's allegations of direct and indirect infringement should similarly be dismissed, particularly since Webvention's allegations are no more substantive than the allegations set forth in *Realtime Data*.

**B.     Webvention's Claim of Direct Infringement Should be Dismissed Because It Fails to Sufficiently Identify the Allegedly Infringing System or Method**

Webvention's Complaint fails to properly identify the allegedly infringing system or method used or made by Neiman Marcus to fulfill the requirements of Rule 8 or the suggested form of pleading under Form 18. When a party sets forth threadbare allegations only supported by conclusory statements, dismissal of the complaint is warranted. *See Elan Microelectronics Corp. v. Apple, Inc.* No. C 09-01531 RS, 2009 WL 2972374, at *1 (N.D. Ca. Sept. 14, 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Garrett*, 2009 WL 4640504, at *1 (*quoting Twombly*, 550 U.S. at 555). Only a complaint that states a plausible claim for relief can survive a motion to dismiss. *Elan*, 2009 WL 2972374, at *1 (*quoting Twombly*, 550 U.S. at 556).

In its claim against Neiman Marcus – and every other defendant in this case – Webvention claims that Neiman Marcus is infringing the '294 patent "by making, selling, offering for sale and/or using websites, including but not limited to www.horchow.com …" No facts have been set forth in Webvention's Complaint in support of its allegations. The sum total of Webvention's allegations is that Neiman Marcus has a website whose operation infringes its patent.

Moreover, Webvention cannot use the discovery process to shore up its bare-bones allegations of infringement. "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 at 1950. The Supreme Court has described how important it is to resolve such questions at the outset of litigation, such as through Rule 12(b)(6) motion practice, rather than simply allowing conclusory allegations to open the door to expansive discovery: "[T]his basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court, . . . a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (citations and internal quotations omitted). Furthermore, "[t]he Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tx. 2005). Webvention should not be allowed to subject Neiman

Marcus to the costs and burden of a lengthy discovery process without first fulfilling Rule 8's pleading requirements.

While following Form 18's example and complying with Rule 8 are not high standards for pleading claims, Webvention has even failed to meet those standards with its factually deficient allegations of infringement. Webvention's allegations are so barebones that they fail to specify a product or method by which Neiman Marcus is allegedly infringing the '294 patent.

C.  **Webvention's Claim of Indirect Infringement Should be Dismissed Because Webvention Failed to Properly Plead This Claim**

This Court, following *Twombly* and *Iqbal*, has recently held that a claim for indirect infringement is deficient when the complaint fails to identify: (i) a direct infringer in relation to the alleged indirect infringement; (ii) which methods or systems (including on a website) indirectly infringe; or (iii) which claims of the patent-in-suit are indirectly infringed. *See, e.g., Eolas* v. *Adobe et al.*, 6:09-cv-446, slip op. at 4-5 (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. No. 282); *Clear with Computers, LLC* v. *Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 4-5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. No. 77); *Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, 6:09-cv-269, slip op. at 5 (E.D. Tex. March 29, 2010) (Davis, J.) (Doc. No. 189).

First, the Complaint fails to identify the alleged direct infringer. "When indirect infringement is at issue, it is well settled that there can be no inducement or contributory infringement absent an underlying direct infringement." *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.* 363 F.3d 1306, 1308 (Fed. Cir. 2004). In its Complaint, Webvention alleges that "Defendant Neiman has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others…" Complaint ¶ 36. In the context of this Complaint and the '294 Patent, a reference to a generic group of "others" as the direct infringers is not sufficient.

*See PA Advisors, LLC v. Google Inc.*, No. 2:07-CV-480 (DF), 2008 WL 4136426, at *8 (E.D. Tx. Aug. 8, 2008). The Complaint leaves Neiman Marcus to guess who the "others" might be – employees, customers, vendors, electronic commerce partners, etc. If Webvention had any further information as to who the "others" are, such information was required to be included in the Complaint.

Second, as outlined above, the Complaint fails to identify the alleged infringing system or method used by the "others." Again, Webvention has not set forth any facts in support of its claims for relief. Webvention's allegations of indirect infringement are woefully inadequate, and as a result, they limit Neiman Marcus's ability to prepare its defense and identify potential indemnitors.

Third, the Complaint completely fails to identify which claims Webventions alleges are infringed by the "others."

### 1. Webvention Fails to State a Claim for Either Inducement of Infringement or Contributory Infringement

The Complaint's *entire factual allegation* of inducement of infringement and contributory infringement is stated as follows: "Defendant Neiman has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and systems of the patents-in-suit…" Complaint ¶ 36.

Claims of inducement of infringement or contributory infringement require a showing of additional elements over and above a claim for direct infringement. Section 271(b) of Title 35 states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Symantec*

*Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008) (citations and internal quotes omitted).  Furthermore, an *en banc* Federal Circuit panel held that the specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement…[T]he inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  Thus, "inducement requires ***evidence of culpable conduct, directed to encouraging another's infringement***, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (emphasis added).  This requirement also "necessarily includes the requirement that he or she ***knew of the patent***." *Id.*, at 1304 (emphasis added).

Accordingly, the courts have found patent infringement complaints lacking where, as in this case, those elements of the inducement claim are not supported by any factual allegations.  For example, in *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007), the plaintiff pled inducement as follows: "Each of the defendants has directly infringed the …Patent and has indirectly infringed the …Patent by contributing to or inducing direct infringements of the…Patent by others." *Id.*, at 282 (emendations in original).  The court granted defendants' motion to dismiss, holding that plaintiff "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief…" *Id.*  Likewise in *Pfizer Inc. v. Ranbaxy Labs Ltd.*, 321 F.Supp.2d 612 (D. Del. 2004), the court granted defendant's motion for partial judgment on the pleadings where plaintiffs' theory of induced infringement was not legally viable.  The court held that because plaintiffs made "no factual allegations pertaining to [plaintiffs' theory of] inducement," the court was "not persuaded that the Complaint sufficiently states a cognizable claim for inducement of

9

infringement. *Id*., at 618 n.2. Webvention has similarly failed to state a cognizable claim in this case.

Courts have also granted motions to dismiss where the allegation of intent does not include factual allegations sufficient to meet the legal standard. In *Ristvedt-Johnson, Inc. v. Peltz*, Civ. No. 91-3273, 1991 WL 255691 (N.D. Ill. Nov. 18, 1991, the court held that "[t]o properly allege that the infringer knowingly induced infringement, the plaintiffs must demonstrate that the defendants possessed specific intent to encourage their corporation's supposed infringement and not merely that the defendants had knowledge of the acts alleged to constitute inducement." *Id*., at *4. In this case, not only does Webvention not make any allegations regarding Neiman Marcus' intent, it does not provide any facts in support of its allegations.

Webvention's barebones allegations, wherein entire statement of inducement is comprised of a single conclusory sentence that fails to allege the required elements, cannot possibly be sufficient to state a claim of induced infringement. Webvention provides no facts in support of its claims, no specific allegations to differentiate between the multitude of defendants, and no assertion relating to Neiman Marcus' intent. As in *AntiCancer*, Webvention's threadbare and unsupported allegations are insufficient, and its Complaint should be dismissed.

Similarly, the Complaint's assertion that Neiman Marcus is liable for contributory infringement fails to state a claim upon which relief can be granted. Liability for contributory infringement arises when one "sells within the United States…a component of a patented machine…constituting a material part of the invention, knowing the same to be especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). The language of the

statute "deals with the material actually sold by the accused and the uses made of its purchasers." *Hodosh v. Block Drug Co.*, 833 F.2d 1575, 1578 (Fed. Cir. 1987).

In addition to the reasons previously articulated as to why the inducement claim fails, the contributory infringement claims also fails because Webvention does not plead additional required elements to state the cause of action. Among other things, it fails to allege that the supposedly infringing device or process (which Webvention fails to even identify) has no substantial non-infringing uses. In *Shearing v. Optical Radiation Corp.*, Civ. No. 93-850, 1994 WL 382444 (D. Nev. Mar. 25, 1994), for example, the court dismissed the contributory infringement claim because it did not contain any reference to this required element, among other reasons.

Furthermore, the Complaint does not allege that Neiman Marcus sold a "component" of a patented machine, or that it did so knowing the same to be especially made or especially adapted for use in an infringement of such patent. The failure to include such an allegation was dispositive in *Hewlett-Packard Co. v. Intergraph Corp.*, in which the court granted the defendant's motion to dismiss the contributory infringement claim because plaintiff "fail[ed] to allege that Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device. *Hewlett-Packard Co. v. Intergraph Corp.*, Civ. No. 03-2517, 2003 WL 23884794, *2 (N.D. Cal. Sep. 6, 2003). According to the court, "[t]his is not sufficient to state a claim for contributory infringement." *Id.*

Neiman Marcus cannot possibly determine what, if any, connection it might have to Webvention's claims of inducement and contributory infringement. Accordingly, Webvention's Complaint should be dismissed.

D.  **At A Minimum, The Court Should Require Webvention To Provide A More Definite Statement Of Its Claims**

Even if the Court does not dismiss Webvention's claims, Neiman Marcus requests that Webvention, at a minimum, be ordered to provide a more definite statement of its claims.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). *See, e.g.*, *Brown v. Whitcraft*, Civ. No. 8-186, 2008 U.S. Dist. LEXIS 39618, *4 (N.D. Tex. May 15, 2008) ("[P]arties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading"). Such motions have "particular usefulness . . . [w]hen a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief." *Thomas v. Independence Township*, 463 F.3d 285, 301 (3d Cir. 2006). Furthermore, courts have requested that a plaintiff provide a more definite statement when the plaintiff's complaint contains only "bald, conclusory statements." *Diabetes Centers of America, Inc. v. Health PIA America, Inc.*, 2007 U.S. Dist. LEXIS 41427, *8 (S.D. Tex. June 7, 2007). "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." *Id.*

In the patent infringement context, "Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise." *eSoft, Inc. v. Astaro Corp.*, Civ. No. 06-00441, 2006 WL 2164454, *2 (D. Colo. July 31, 2006). Thus, courts have frequently granted motions for more definite statements where the

patent claims do not provide sufficient factual support. *See, e.g., Bay Indus., Inc. v. Tru-Arx Mfg.*, Civ. No. 06-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006) (granting motion where the complaint failed to identify any allegedly infringing product, and finding that "Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent"); *Static Control Components, Inc. v. Future Graphics, LLC*, Civ. No. 07-7, 2008 WL 160827, *2 (M.D.N.C. Jan. 15, 2008) (where the complaint identified a group of exemplary "universal chips" as allegedly infringing, finding that "[a]bsent a more definite statement" the defendant "ha[d] no choice but to interpret each of the claims of the patents in suit, compare each of its chips that could be considered 'universal chips' to the claims in the patent in suit, and determine whether it believes the chips violate any of [those] claims"); *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) (requiring plaintiff to allege which products allegedly infringed which claims of the patents).

In this case, Neiman Marcus cannot realistically be expected to frame a responsive pleading to Webvention's bare and ambiguous allegations without risk of prejudice. A more definite statement, at a minimum, is warranted.

## CONCLUSION

Webvention's Complaint against Neiman Marcus should be dismissed because Webvention has not properly plead its allegations of direct and indirect infringement. Webvention's Complaint is utterly devoid of any factual allegations, but rather its Complaint is filled with mere legal conclusions which cannot stand in light of the requirements of Rule 8. While Rule 8's standards are not high, Webvention's Complaint does not even rise to the level required to put Neiman Marcus on notice so that it can properly defend itself against

Webvention's claims. Alternatively, Webvention's should be ordered to provide a more definite statement of its claims.

        Respectfully submitted,

        /s/ Daniel A. Crowe
        Daniel A. Crowe (admitted *pro hac vice*)
        dacrowe@bryancave.com
        BRYAN CAVE LLP
        One Metropolitan Square
        211 N. Broadway, Ste. 3600
        St. Louis, Missouri 63102
        Tele. (314) 259-2000
        Facs. (314) 259-2020

        Michael E. Jones
        State Bar No. 10929400
        mikejones@potterminton.com
        POTTER MINTON, PC
        110 North College
        Suite 500
        Tyler, Texas 75702
        Tele. (903) 597-8311
        Facs. (903) 593-0846

**Certificate of Service**

    I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via ECF, in accordance with the Federal Rules of Civil Procedure, on this 15th day of October, 2010.

        /s/ Daniel A. Crowe
        Daniel A. Crowe