**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WEBVENTION LLC § | |
| § | CIVIL ACTION NO. 2:10-cv-00253-TJW-CE |
| Plaintiff / Counterclaim Defendant, § | |
| § | Judge: T. John Ward |
| v. § | |
| § | |
| ABERCROMBIE & FITCH, CO.; § | |
| BED BATH & BEYOND, INC.; § | |
| BROWN SHOE CO., INC.; § | **JURY TRIAL DEMANDED** |
| CHURCH & DWIGHT COMPANY, INC.; § | |
| CONOCOPHILLIPS; § | |
| DELL INC.; § | |
| DONALDSON COMPANY, INC.; § | |
| E*TRADE FINANCIAL CORPORATION; § | |
| GAMESTOP, CORP.; § | |
| HTC AMERICA, INC.; § | |
| IASIS HEALTHCARE, LLC; § | |
| INSIGHT ENTERPRISES; § | |
| NEIMAN MARCUS, INC.; § | |
| PIONEER NATURAL RESOURCES; § | |
| TENNECO, INC.; § | |
| THE FINISH LINE, INC.; § | |
| TRAVELCENTERS OF AMERICA, LLC; § | |
| UNITED PARCEL SERVICE, INC.; § | |
| and VISA, INC., § | |
| § | |
| Defendants / Counterclaim Plaintiffs. § | |

**DEFENDANT IASIS HEALTHCARE LLC'S ANSWER
AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant IASIS Healthcare LLC ("IASIS") Answers the Original Complaint ("Complaint") of Plaintiff Webvention LLC ("Webvention") and asserts Counterclaims as follows:

**THE PARTIES**

1. On information and belief, IASIS admits that Webvention is a Texas LLC with an address at 505 East Travis Street, Suite 209, Marshall, Texas 75670. IASIS denies any

remaining allegations of paragraph 1 of the Complaint.

2. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the same.

6. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the same.

8. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

9. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. IASIS admits that IASIS Healthcare LLC is a Delaware limited liability company with its principal place of business in Franklin, Tennessee.  IASIS denies the remaining

allegations of paragraph 12.

13. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies the same.

14. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the same.

15. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies the same.

**JURISDICTION AND VENUE**

21. IASIS admits that the Complaint purports to set forth an action for infringement of a United States patent. IASIS admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). IASIS denies any remaining allegations of paragraph 21 of the Complaint.

22. IASIS denies the allegations of paragraph 22 as they relate to IASIS.

IASIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Complaint therefore denies the same.

## PATENT INFRINGEMENT

23.     IASIS admits that U.S. Patent No. 5,251,294 ("the '294 patent") purports to have been issued on October 5, 1993 and is titled "Accessing, Assembling, and Using Bodies of Information." IASIS further admits that what purports to be a copy of the '294 patent was attached to the Complaint as Exhibit A. IASIS denies that the '294 patent was duly and legally issued. IASIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint and therefore denies the same.

24.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies the same.

27.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies the same.

29.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30.     IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies the same.

32. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies the same.

33. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies the same.

34. Denied.

35. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies the same.

36. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies the same.

37. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies the same.

38. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies the same.

39. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies the same.

40. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies the same.

41. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies the same.

42. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies the same.

43. IASIS denies the allegations of paragraph 43 of the Complaint as they relate to IASIS. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint as to other Defendants and therefore denies the same.

44. IASIS denies the allegations of paragraph 44 of the Complaint as they relate to IASIS. IASIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint as to other Defendants and therefore denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

45. IASIS denies that Plaintiff is entitled to any relief from IASIS and denies all the allegations directed towards IASIS contained in Plaintiff's Prayer For Relief, paragraphs a through g, and asks the Court to deny any and all relief requested in Plaintiff's Prayer For Relief as to IASIS.

## GENERAL DENIAL

46. IASIS denies each and every allegation contained in the Complaint to which IASIS has not specifically responded.

## AFFIRMATIVE DEFENSES

IASIS reserves the right to amend its Answer to add Affirmative Defenses to those listed below, consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

1. Plaintiff lacks personal jurisdiction over IASIS.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2. IASIS has not and does not infringe, induce infringement, or contribute to the infringement of any valid and/or enforceable claim of the '294 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3. The '294 patent is invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

4. Plaintiff is estopped from construing the claims of the '294 patent in such a way as may cover IASIS' activities by reason of amendments and statements made in and to the United States Patent and Trademark Office ("PTO") and Plaintiff's prior conduct.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

5. Plaintiff has failed to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, and Estoppel)

6. Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Time Limitation on Damages)

7. Plaintiff's claims are limited by the time limitation on damages set forth in 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

8. Webvention is not entitled to equitable relief because Webvention has an

adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

9. Webvention does not have standing to bring an action for infringement of the '294 patent.

## COUNTERCLAIMS

IASIS Healthcare LLC ("IASIS") asserts counterclaims against Webvention LLC ("Webvention") as follows:

## THE PARTIES

1. IASIS is a limited liability company with its principal place of business at Dover Centre, 117 Seaboard Lane, Building E, Franklin, Tennessee 37067.

2. On information and belief, Webvention is a Texas limited liability company with an address at 505 East Travis Street, Suite 209, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly, under 28 U.S.C. § 2201 *et seq*. and 35 U.S.C § 100 *et seq*. This Court has subject matter jurisdiction over these counterclaims pursuant 28 U.S.C. §§ 1331, 1338 and 2201-02. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

4. Webvention alleges that it is the owner of all right, title, and interest in the '294 patent.

5. By filing this Complaint, Plaintiff has consented to the personal jurisdiction of, and venue in, this Court.

6. By virtue of Plaintiff having filed its Complaint in this action, an actual, justiciable controversy exists between IASIS and Plaintiff concerning the non-infringement,

invalidity and unenforceability of United States Patent No. 5,251,294 ("the '294 patent") within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Patent Non-Infringement)

7. IASIS repeats and re-alleges the allegations contained in Counterclaim Paragraphs 1-6, above, as if fully set forth herein.

8. IASIS has not and does not infringe, induce infringement, or contribute to the infringement of any valid and/or enforceable claim of the '294 patent, either literally or under the doctrine of equivalents.

9. IASIS seeks a declaration from this Court that it has not and does not infringe any valid and/or enforceable claim of the '294 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment Of Patent Invalidity)

10. IASIS repeats and re-alleges the allegations contained in Counterclaim Paragraphs 1-6, above, as if fully set forth herein.

11. The '294 patent is invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. IASIS seeks a declaration from this Court that all claims of the '294 patent are invalid.

## THIRD COUNTERCLAIM
### (Exceptional Case)

13. IASIS repeats and re-alleges the allegations contained in Counterclaim Paragraphs 1-6, above, as if fully set forth herein.

14. For having brought this action, Plaintiff is liable under 35 U.S.C. § 285, making this case exceptional and IASIS seeks recovery of its attorney fees under that statute as

part of this counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, IASIS respectfully prays for entry of judgment against Plaintiff granting the following relief:

    a.    declaring that Plaintiff take nothing by his Complaint in this action, and dismissing Plaintiff's Complaint with prejudice;

    b.    declaring that IASIS has not and does not infringe, induce infringement, or contribute to the infringement of any valid and/or enforceable claim of the '294 patent, either literally or under the doctrine of equivalents.

    c.    declaring that the claims of the '294 patent are invalid;

    d.    entering a permanent injunction restraining Plaintiff and its respective partners, employees, agents, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the '294 patent under any theory on the basis of the making, using, selling, offering for sale, or importing of any IASIS product or service;

    e.    declaring this an exceptional case under 35 U.S.C. § 285;

    f.    awarding IASIS its reasonable attorneys' fees, costs, and all interest thereon (including without limitation any attorney fee awards based upon 35 U.S.C. § 285);

    g.    granting IASIS such other and further relief as this Court may deem just and proper.

Dated:   October 27, 2010          Respectfully submitted,

*J. Stephen Ravel*
J. Stephen Ravel – LEAD COUNSEL
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
301 Congress Avenue, Suite 2000
Austin, Texas 78701
[Tel] (512) 495-6400
[Fax] (512) 495-6401
email: steve.ravel@kellyhart.com

David E. Keltner
Texas State Bar No. 11249500
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
[Tel] (817) 878-3560
[Fax] (817) 878-9760
email: david.keltner@kellyhart.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 27, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, October 27, 2010.

        */s/ J. Stephen Ravel*
        J. Stephen Ravel