IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| WEBVENTION LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:10-CV-253-TJW-CE |
| | § | |
| v. | § | |
| | § | |
| ABERCROMBIE & FITCH, CO., | § | |
| ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**PLAINTIFF WEBVENTION LLC'S RESPONSE IN OPPOSITION TO DEFENDANT ABERCROMBIE & FITCH CO.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**I.   INTRODUCTION**

On September 29, 2010, Defendant Abercrombie & Fitch Co. ("Abercrombie"), filed a motion (hereinafter, "Motion to Dismiss," Dkt. No. 73) requesting that this Court dismiss Plaintiff WEBVENTION LLC's ("Webvention") Complaint (Dkt No. 1) as filed on July 20, 2010 for allegedly failing to state a claim.  The Complaint, however, does state a claim, and does so with the detail required by the Federal Rules.  The Complaint was filed against nineteen defendants.  A separate, allegedly infringing product was identified in the Complaint against each Defendant.  Against Movant, the website www.abercrombie.com was alleged to infringe Webvention's patent.  Complaint, at 6.

Sixteen defendants remain in the case.  Three defendants have filed motions to dismiss similar to Abercrombie's Motion to Dismiss (Dkt. Nos. 86 (Neiman Marcus), 88 (E*Trade Financial), and 90 (Insight Enterprises)).  Despite being presented with an adequate pleading,

Movant requests more detailed allegations. By doing so, it is attempting to seek an exception to the pleading standard set forth by the Federal Rules, in part, by examining cases from other courts with exceptional circumstances. Moreover, it asks this court demand a level of specificity closer to that required by Local Patent Rule 3-1 when only Federal Rule of Civil Procedure 8 need be satisfied at this stage of the case. These requests are improper based on the law as interpreted by this Court and for at least these reasons, this Motion to Dismiss should be denied.

## II.    ARGUMENT

This Court has stated that motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403, at *2 (E.D.Tex. Aug. 29, 2008) (citing *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997)). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed.Cir. 2009). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Rule 8(a) of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are unnecessary, and the pleader need only state the grounds of entitlement to relief with "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, --- U.S. ----, --

--, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Because the facts alleged in the Complaint are sufficient to meet this standard, dismissal is improper.

A.     THE FACTS ALLEGED IN THE COMPLAINT ARE SUFFICIENT TO SUSTAIN A CLAIM.

Under the *Twombly* pleading test, to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Litigants are not required to plead specific facts except in limited circumstances – none of which apply here. *See id.* at 570. Rather, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not "set out in detail the facts upon which he bases his claim." *Twombly*, 550 U.S. at 556 n. 3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Instead, the plaintiff must only provide enough facts "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* at 555-556.

Accordingly, the dismissal standard under Rule 12(b)(6) is a heavy one and is not to be taken lightly. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000). The Court presumes the truth of allegations in the complaint, and liberally construes its terms in favor of the plaintiff. *Id.* (citing *Municipal Utils. Bd. v. Alabama Power Co.*, 934 F.2d 1493, 1500 (11th Cir. 1991)); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir.2004). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999).

Rule 12(b)(6) does not require inclusion of each element of the asserted patent's claims. *McZeal*, 501 F.3d at 1357 (citing *Phonometrics, Inc.*, 203 F.3d at 794). Such a requirement "would contravene the notice pleading standard, and would add needless steps to the already

complex process of patent litigation." *Phonometrics, Inc.*, 203 F.3d at 794. A plaintiff need only plead facts sufficient to place the alleged infringer on notice. *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n. 10). This notice requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself. *Id.*

Accordingly, a complaint for patent infringement must contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc.*, 203 F.3d at 794. Lack of other details is inappropriate grounds for Rule 12(b)(6) dismissal as those details are to be determined through discovery. *See McZeal*, 501 F.3d at 1357-1358. Movant summarizes its argument by stating that "Webvention has asserted the same claim, using the exact same language, against each defendant." Motion to Dismiss, at 1. However, this argument is incorrect.

**1.** **DIRECT INFRINGEMENT**

Movant's insufficiency argument is that the Complaint's "claim for direct infringement does not properly identify any system or method that Abercrombie has allegedly infringed, failing to meet the minimum standard required by Rule 8 of the Federal Rules of Civil Procedure." Motion to Dismiss, at p. 3. Movant relies heavily *Realtime Data, LLC v. Morgan Stanley*, 2010 U.S. Dist. LEXIS 58049 (E.D. Tex. May 7, 2010), *aff'd*, 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. June 10, 2010) to support its insufficiency claim, but such reliance is misplaced. Movant correctly stated that the Court in *Realtime Data* granted the defendant's motion to dismiss after concluding that the description, "data compression products and/or services" used to identify the alleged infringing method or system was too vague. However, that

Court also stated that the plaintiff in that case did not "specifically identify any accused products or services." *Id.*, at 6. The Court went on to state that similar to other cases where a motion to dismiss had been granted, the claims failed to identify accused instrumentalities specific to particular defendants. *Id.*, at 6. Thus, Webvention's Complaint is distinguishable from that of *RealTime Data* in at least these two very important characteristics. Further, in its Affirmance, the Court stated that specific identification of accused products and defendant-specific identification may not even be required. *RealTime Data*, 2010 U.S. Dist. LEXIS 58140, at 2.

In addition, the specificity required is demonstrated by Form 18. Form 18 contains a broad description of the accused products: "electric motors;" it does not identify specific models or names of accused products. *Traffic Information, LLC v. Yahoo! Inc.*, 2010 WL 2545500, *2 (E.D. Tex.). The Complaint here goes further by identifying specific accused websites for each defendant. Complaint, at ¶¶ 23-42. This level of detail is more than sufficient for the pleading stage. *See FotoMedia Techs.*, 2008 U.S. Dist. LEXIS 109403, at *6-7 (holding that general allegations similar to those used in the approved forms can also be used to support a claim for inducing infringement); *see also Traffic Information*, 2010 WL 2545500 at *2 (finding a complaint sufficient where the title of the patent was stated and accused products were described as "traffic information systems and products and services."); *Tune Hunter Inc., v. Samsung Telecommunications America, LLC, et al.*, 2010 WL 1409245 at *4 (E.D. Tex. April 1, 2010) (denying motion to dismiss where accused products were described as "music identification systems, devices, products, and/or components thereof"); *Charles E. Hill & Assosciaties, Inc. v. ABT Electronics, Inc.*, 2010 WL 3749514 (E.D. Tex., Aug. 31, 2010) (denying motion to dismiss where accused systems were described as "electronic catalogs"); *compare Bedrock Computer*

*Tech., LLC v. Softlayer Tech., Inc.*, No. 6:09-CV-269, at 2 (E.D. Tex. March 29, 2010) (granting motion to dismiss because Bedrock did not identify any accused product).

**2. INDIRECT INFRINGEMENT**

Movant next request that this Court to place a higher burden on allegations of indirect infringement than Form 18 places on direct infringement. The Federal Circuit, however, has rejected the argument that *Twombly* changed the pleading requirements of Rule 8(a) in patent infringement cases. *McZeal*, 501 F.3d at 1357 n. 4. In *Clear with Computers*, this Court explained that *Twombly* and *Iqbal* did not upset the Federal Circuit's conclusions in *McZeal*. *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 5-6 (E.D. Tex. Mar. 29, 2010) (Doc. No. 77).

Though the Complaint does not contain detailed factual allegations regarding each element a finding of indirect infringement would require, it *is* sufficient to put Movant on notice. It alleges how such infringement occurred and it describes the products alleged to be infringing. Complaint, at ¶¶ 23-42. As this Court has held, "neither [Form 18] nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *FotoMedia Techs.*, 2008 U.S. Dist. LEXIS 109403, at *8. Nor does *Twombly* require that a complaint contain "detailed factual allegations." *Twombly*, 550 U.S. at 555. Arguing that the Complaint lacks details not required by law is immaterial to whether it is sufficient to sustain an action.

This court has required that allegations of indirect infringement "a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit." *Realtime Data, LLC v. Morgan Stanley*, 2010 U.S. Dist. LEXIS 58049, *2 (E.D. Tex. May 7, 2010), *aff'd*, 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. June 10, 2010). Recent decisions have required that complaints

alleging indirect infringement affirmatively "identify which claims are indirectly infringed," "identify which methods or systems indirectly infringe," and "identify a direct infringer in reference to [ ] indirect infringement claims." *Clear with Computers*, slip op. at 7. The Complaint identifies particular websites as infringing and provides reference to the patent alleged to be infringed. Complaint, at ¶¶ 23-42. It also indicates direct infringers, though not as directly. Although there should not be any confusion, the direct infringers would be Movant's intermediaries or the clients with whom they interact.

**B.     IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE TO AMEND ITS COMPLAINT.**

"When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling Ltd.*, 2009 WL 1758758 at *3 (S.D. Tex.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). If this Court finds that the Complaint is insufficient and grants Movant's motion to dismiss either direct or indirect infringement, Plaintiff seeks leave to submit an amended Complaint.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Movant's motion to dismiss the claims of direct and indirect infringement under Rule 12(b)(6) be denied.

Dated:  November 3, 2010 　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　By:   /s/ William E. Davis, III
　　　　　　　　　　　　　　　　　　　　　　　　William E. "Bo" Davis III
　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24047416
　　　　　　　　　　　　　　　　　　　　　　　　bdavis@bdavisfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　THE DAVIS FIRM, PC
　　　　　　　　　　　　　　　　　　　　　　　　111 West Tyler Street
　　　　　　　　　　　　　　　　　　　　　　　　Longview, Texas  75601
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  903-230-9090
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  903-230-9661

　　　　　　　　　　　　　　　　　　　　　　　　Eric M. Albritton
　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 00790215
　　　　　　　　　　　　　　　　　　　　　　　　ema@emafirm.com
　　　　　　　　　　　　　　　　　　　　　　　　Adam A. Biggs
　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24051753
　　　　　　　　　　　　　　　　　　　　　　　　aab@emafirm.com
　　　　　　　　　　　　　　　　　　　　　　　　ALBRITTON LAW FIRM
　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 2649
　　　　　　　　　　　　　　　　　　　　　　　　Longview, Texas 75606
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (903) 757-8449
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 758-7397

　　　　　　　　　　　　　　　　　　　　　　　　***Counsel for WEBVENTION LLC***

**CERTIFICATE OF SERVICE**

　　　The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 3rd day of November 2010.

　　　　　　　　　　　　　　　　　　　　　By:   /s/   William E. Davis, III
　　　　　　　　　　　　　　　　　　　　　　　　William E. "Bo" Davis III